FILED
CLERK, U.S. DISTRICT COURT
10/02/2014
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

DAMONE DANIEL
nucreationoutreach@yahoo.com
1954 E. 113th street
Los Angeles Ca. 90051
(510)229-6515
PLAINTIFF IN PRO PER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAMONE DANIEL
    PLAINTIFF,

Vs.

CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10
    DEFENDANTS,

Case No. CV14-06219 VAP(AJW)

Civil Rights Complaint Pursuant To 42 U.S.C. 1983 (non-prisoners), State-law clams, Police Code of Ethics and Mission

Jury Trial Demanded: Yes

Trial Date: Non set

## COMPLAINT

### PRELIMININARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. 1983 and raising supplemental state-law claims concerning the actions of Defendants City of Burbank, Burbank Police Department, SARGENT LISCANO, and Doe Individuals 1-10 in unlawfully arresting/detaining Plaintiff's children Perris Anderson and Dakaijanay Daniel while exercising free speech and maliciously prosecuting Plaintiff Damone Daniel.

2. The actions and conduct of the arresting officers (Doe Individuals unknown) are the result of a policy, practice, custom, and deliberate indifference on the part of Defendants City of Burbank, and Burbank Police Department.

## JURISDICTION

3. This court has jurisdiction under 28 U.S.C. 1331, 28 U.S.C. 1343, and 28 U.S.C. 1367. Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. 1391 because the events giving rise to complaint happened in this district.

## PARTIES

5. Plaintiff Damone Daniel age 34 was at the times relevant to this Complaint a resident of Los Angeles California.

6. Defendant Burbank Police Department is a (law enforcement agency) municipality in the Commonwealth of Burbank and owns, operates, manages, directs, and controls the Burbank Police officers, which employs Defendants listed as Doe Individuals.

7. This Defendant is sued in individual capacity and official capacity. This Defendant was acting under color of law because Defendant at the time was acting as a city government entity.

8. Defendant City of Burbank is a (city government entity) municipality in the Commonwealth of Burbank and owns, operates, manages, directs, and controls the Burbank Police Department, which employs Defendants listed as Doe Individuals.

9. This Defendant is sued in individual capacity and official capacity. This Defendant was acting under color of law because Defendant at the time was acting as a city government entity.

10. Defendants Doe 1-10 is and was at all times relevant to this Complaint. Some are officers in the Burbank Police Department. Defendant's title and position is assumed to be police officers. Defendant first name is unknown at this time. These Defendants is sued in his/her individual capacity and official capacity.

11. These Defendants was acting under color of law because Defendants at the time was acting on behalf of Burbank Police Department.

12. Defendant SARGENT LISCANO is and was at all times relevant to this Complaint. An officer in the Burbank Police Department. Defendant's title and position is a

Sargent (police officer). Defendant first name is unknown at this time. This Defendant is sued in his/her individual capacity and official capacity.

13. This Defendant was acting under color of law because Defendants at the time was acting on behalf of Burbank Police Department.

14. This complaint will revile the true names of Defendants as soon as Plaintiff has knowledge.

## STATEMENT OF FACTS

15. Plaintiff Declare as follows, Plaintiff Damone Daniel at the time was 34 years of age, single parent with two kids in home at the time. At the time Plaintiff was also a member of the N.A.A.C.P. and a Master Mason of the Most Worshipful Prince Hall of Free And Accepted Masons.

16. Plaintiff Damone Daniel at the time had been Treasurer and Program Director of Nu Creation Outreach for four years.

17. Nu Creation Outreach is a California non-profit Organization that operates youth centers and food pantries throughout the urban and economically challenged communities in the State of California (see Exhibit_____).

18. The mission of the worthwhile organization is to decrease the violence and crime, while increasing the unity, education and prosperity by operating (free to the public) Youth Centers and Food Pantries.

19. These centers are a safe haven provided to disadvantage youth to reach their full potential by providing them high quality after school tutoring, outdoor-indoor activities, mentoring, counseling as well as free to the public events. All fundraisers are volunteers that are deeply concerned about the welfare of our state.

20. Nu Creation Outreach has never received grant money from city, county, nor state agencies, they rely on small donations solicited from the community by the Nu Creations Free Speech Coalition. Although this form of free expression in a public place may seem meaningless to the everyday human, it is greatly significant to Nu Creation Outreach and its existence in these distressed communities.

- 3 -
Civil Rights Complaint Pursuant
To 42 U.S.C. 1983

21. For the past four years we have independently raised over $400,000. With no donation over $100; the most common donation we've received is $1 or the change from the bottom of one's pocket, and with that we have accomplished life-saving achievements. This is a demonstration with proven results that if people in these communities knew of a way to change people's lives, then everyone's little change can come together to make a difference.

22. There should be nothing more important to the First Amendment of the California Constitution than the right of the people to operate a group for the people and by the people. When the founder composed the mission for this organization, he thought back on American History. How all of the people came together to fight for a cause greater than themselves, a cause to stand and fight with his/her life for the freedom and better government for his/her family and his neighbors, uniting as one strong country to better for all mankind.

23. That is why for the past 4 years our organization has not sought funds from government agencies. When our community feels a long history of poverty, neglect, rejection, and loss of proper security, it is every man's duty not to stand and point fingers at government and law enforcement, but to take immediate action uniting with others from the community to provide a "Nu Creation" which will provide a safe prosperous and peaceful environment for all our children.

24. The word new is spelled "NU" for that very reason"; to create a better, safer, prosperous, and peaceful community for our children and their future, The Change Starts N.U." (our motto).

25. Plaintiff Damone Daniel is also the leader of a free speech coalition titled Nu Creations. Nu Creations is against the large growth of big corporations that put small businesses and local "mom and pop" stores out of business. Nu Creations is was formed to fight to keep freedom free. To assure all small groups and organization and individuals the right of freedom, prosperity, liberty, justice, and equal opportunity.

26. Although the Declaration Of Independence assured every person these abolishable rights, our coalition finds ourselves continually fighting shopping centers, big

corporations, and police departments that partner with them, in court, and in society for security that seems to be forgotten.... the right of freedom, prosperity, liberty, justice, and equality for all.

27. For years not only have small business brought good jobs to the community, they also supported local churches and non-profit groups that supported the community.

28. Since the large growth of these super stores and shopping centers, these corporations have not only killed the American Dream of ownership, but it has also caused job loss and ill support to small groups that depended on their support.

29. These stores and shopping center allow some groups to solicit on their property but not others. This is a form of discrimination and our group aim to fight for equality and justice for all.

30. These Shopping centers claim to have a distraction free shopping. But when have shopping in a public place is distraction free? There is no such thing, because when in the public, you got to deal with public issues.

31. In the pass, Plaintiff has succeeded in both criminal and civil matters pertaining to these activities.(See Exhibits_____).

32. For three years Plaintiff Damone Daniel has ran a group teaching them about how to fight against poverty and violence by teaching unity and how to apply (to help create a better tomorrow) their rights to free speech. Part of Plaintiffs lessons assured the members of Nu Creations that what happened in this event would not happen. Plaintiff's son (Perris Anderson) is a 14 year old child that is obedient to adults and law enforcement, "A" average in school and wish to follow in his dads footsteps in his fight to protect the freedom of speech and heal the scars of poverty and violence in the state of California. Perris Anderson has never been in trouble with law enforcement.

33. Da-Kaijanay Daniel is 11 years of age, with passing grades in school. Da-Kaijanay is at all times obedient to adults and law enforcement and has never been in trouble with the law.

34. Defendants CITY OF BURBANK, AND BURBANK POLICE DEPARTMENT, are city government entities with official obligations to the California and the United States Constitution.

35. Defendants DOE 1-10 are sworn law enforcement officers acting under color of law at the time of incident on behalf of the Burbank Police Department and the City of Burbank.

36. On or about January 2014 Plaintiff Damone Daniel dropped off a member of the Nu Creations free speech coalition and his two children Perris Anderson and Da-Kaijanay Daniel to the Trader Joe's located on the corner of San Fernando and Western to collect funds for the youth centers. After just being dropped off, the adult stayed at Trader Joe's and the two minors went to the Ralph's located cat. corner to the Trader Joe's. Plaintiff's children were then contacted by law enforcement and the law enforcement contacted Plaintiff.

37. The officers then told Plaintiff that he had to come or his kids will be taken away. When Plaintiff arrived the officers ran a back ground check and contacted their Sargent. Plaintiff advised his children to get inside of his bus. When the Sargent arrived he took Plaintiff's children into custody and told Plaintiff that he did not feel comfortable giving back the children to him, and that he was taking the children to the Burbank Police Department until C.P.S. came to pick them up.

38. Plaintiff asked a number of times why he took his children. First the Sargent claimed that because Plaintiff had a five year old warrant out of Bellingham Washington that it was a danger to the kids. Plaintiff called Washington and the agent from Washington told Plaintiff that he talked to the Burbank Sargent and he told them that it was ok on their end and he didn't understand why the police took the kids in the first place. The officer also called the children's mothers and told them that I was using them to "panhandle". Defendant SARGENT LISCANO called to Plaintiffs family, law enforcement agencies in Bellingham Wa. And telling C.P.S. about a sham organization that Plaintiff runs with the intent to have someone take action. Burbank Police held Plaintiffs children for over 8hrs. Plaintiff waited outside of the police department the

Civil Rights Complaint Pursuant
To 42 U.S.C. 1983

whole time. Plaintiff requested to speak with the Sargent's supervisor and requested to make a complaint. Another Sargent took the report and said that they were not releasing the children to him and that there was no one higher than the two Sargent's. The Sargent also told Plaintiff that he did not have to wait there anymore, and that when C.P.S. arrived they was not going to give the kids back and that he should just go home. Despite of the assurance that the Sargent's gave Damone Daniel that he was not getting his kids back that night, Damone Daniel told officers that he was not leaving there without his kids. When C.P.S. (Raymond Harris) arrived he spoke with the children then went and spoke to Damone Daniel. When Raymond Harris spoke to Damone Daniel, the first thing he was trying to figure out was why did the Burbank Police hate him so bad. Raymond Harris told Damone Daniel that he seen neither neglect nor any valid reason why the Burbank Police took the kids in the first place. He told Damone Daniel that lessoning to the police run on about Damone Daniel running a sham organization rather than speak on neglect gave him no reason for the department to get involved. Raymond Harris told Damone Daniel that the issue to him appeared personal between the Sargent and Damone Daniel. He then advised Damone Daniel that he was going to release the children back to him and follow up with him later, because at that time he had no reason to take the children. They were happy kids other than the fact that Da-Kaijanay Daniel was crying while in custody. They both are well fed, they had not been abused in any way and the kids appear to love staying with their dad. Within minutes Raymond Harris returned the children to Damone Daniel and on 4/8/14 he closed the case with no discrepancy (see Exhibit____). When the children was released Damone Daniel learned that his kids was kept in a jail facility next to cells that housed criminals. The children told a horrifying story of being in a together without their dad surrounded by criminals talking to them through the cell and some were yelling. This scared both children. For about a week Da-Kaijanay Daniel had nightmares abut the jail and the people that tried to communicate to her? Damone Daniel asked Raymond Harris for counseling for Da-Kaijanay and he told him that he

would get back to him with services but never did. This was something that Damone Daniel would have to overcome with his children together.

39. At all times relevant to this Complaint, the conduct of all Defendants was in willful, reckless, and callous disregard of Plaintiff's rights under federal and state law. As a direct and proximate result of the conduct of all defendants, Plaintiff' suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent and financial losses.

40. As for the forgoing, I Damone Daniel declares under penalty of perjury that the above and the foregoing are true and correct and that this document was executed at Los Angeles, California.

## CAUSES OF ACTION

## COUNT #1

**Violation of the First Amendment (Freedom of Speech and Freedom of Association) to the United States Constitution**

41. Plaintiff Damone Daniel v. Defendants CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

42. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim under 42 U.S.C. 1983 for violation of the following federal constitution or statutory civil right: Right to Free Speech and Freedom of Associaton. First Amendment 42 U.S.C. 1983.

43. The above civil right was violated by all Defendants listed in Parties.

44. Police officers (names unknown acting on behalf of the City of Burbank and the Burbank Police Department) took Plaintiff's kids into custody without cause while Plaintiff was suppressing the right of free speech. Plaintiff has had over 20 contacts prior to this event with the Burbank Police because of his free speech activities and has always been treated with a mild neglect due to the fact that his presence in Burbank was not wanted by big brother stores in the city limits.

45. As a result of the Defendant's violation of the above civil right, Plaintiff's rights was violated and was harmed by taking his children to a dangerous jail and out of his comfort of freedom without cause.

46. By doing acts described caused and/or permitted the violation of Plaintiffs First Amendment right to freedom of speech, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## COUNT #2
### Federal Constitutional Claims
### Fourth and Fourteenth Amendments to the
### United States Constitution to be free from unlawful arrest, the
### Unlawful use of force, and malicious prosecution

47. Plaintiff Damone Daniel v. Defendants CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

48. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim under 42 U.S.C. 1983 for violation of the following federal constitution or statutory civil right: Unlawful arrest, searches and confinement in custody. (4th and 14th Amendments/42 U.S.C. 1983.

49. The above civil right was violated by all Defendants listed in Parties. Police officers (names unknown acting on behalf of the City of Burbank and the Burbank Police Department) took Plaintiff's children into custody without cause.

50. As a result of the Defendant's violation of the above civil right, Plaintiff was harmed by being taken his children to a dangerous jail and out of comfort of freedom. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Burbank, Burbank Police Department and Doe 1-10 which has encouraged, tolerated, ratified, and has been deliberately indifferent to the

following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

51. a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

52. b. The use of proper force by police officers;

53. c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

54. d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological Problems that impaired their ability to function as officers;

55. e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

56. f. Police officers' use of their status as police officers to employ The use of force or to achieve ends not reasonably related to their police duties.

57. g. From holding an unprofessional personal grudge against a person and abuse police authority to harm the innocent and their families without cause.

58. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrest, the use of force, and the institution of criminal charges under such circumstances as presented by this case the failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Burbank police officers; and The practice among Burbank police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

59. By doing acts described above caused and/or permitted the violation of Plaintiffs 4th and 14th Amendments, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM #3

### Federal Constitutional Claims

## Violation of Due Process guaranteed by the 14th Amendment

60. Plaintiff Damone Daniel v. CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

61. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim under 42 U.S.C. 1983 for violation of the following federal constitution or statutory civil right: Violation of Due Process guaranteed by the 14th Amendment/42 U.S.C. 1983. The above civil right was violated by all Defendants listed in Parties. Police officers (names unknown acting on behalf of the City of Burbank and the Burbank Police Department) took Plaintiff's children into custody without cause and a due process of a proper investigation that permitted him to do such.

62. As a result of the Defendant's violation of the above civil right, Plaintiff was harmed by having his children taken to a dangerous jail and out of his comfort of freedom. By doing acts described above caused and/or permitted the violation of Plaintiffs 14th Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM 4

## State Law Claims

## FALSE ARREST, FALSE IMPRISONMENT

63. Plaintiff Damone Daniel vs. CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

64. The actions of Defendants CITY OF BURBANK, BURBANK POLICE DEPARTMENT, AND DOE INDIVIDUALS 1-10 constitute the torts of false arrest, false imprisonment, and malicious prosecution under the laws of the Commonwealth of California.

65. Plaintiff realleges and incorporates by reference all of the paragraphs above.

66. Plaintiff has a claim for violation of false arrest, false imprisonment, and malicious prosecution. The above state laws was violated by all Defendants listed in Parties. Police officers (names unknown) took Plaintiff's children into custody without cause.

67. As a result of the Defendant's violation of the above state law, Plaintiff was harmed by having his children taken to a dangerous jail and out of his comfort of freedom.

68.

## CLAIM #5
### State Law Claims
### PAIN AND SUFFERING

69. Plaintiff Damone Daniel vs. CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

70. The actions of defendant's CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10 constitute the torts of pain and suffering under the laws of the Commonwealth of California.

71. Plaintiff realleges and incorporates by reference all of the paragraphs above.

72. Plaintiff has a claim for violation of pain and suffering. The above state law was violated by all Defendants. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim for pain and suffering. Plaintiff's commonwealth laws were violated by all Defendants listed in Parties. As a result of the Defendant's violations, Plaintiff was harmed by having his children taken to a dangerous jail and out of his comfort of freedom.

73. The worry of Plaintiff, and his children in a jail next to criminal communicating with them caused suffering to Plaintiff and his family. By doing acts described above caused and/or permitted the Plaintiff pain and suffering, thereby entitling Plaintiff to recover damages.

## CLAIM #6
### State Law Claims
### DEFAMATION

74. Plaintiff Damone Daniel v. CITY OF BURBANK, BURBANK POLICE DEPARTMENT, AND DOE INDIVIDUALS 1-10.

75. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim for Defamation. Plaintiff and his children's reputation was injured by all Defendants listed in Parties.

76. Police officers (names unknown) took Plaintiff's children into custody without cause. Damone Daniel's children have never been taken to a jail before or suffered the treatment that they suffered from the Burbank Police Department.

77. As a result of the Defendant's violations, Plaintiff was harmed by having his children taken to a dangerous jail and out of his comfort of freedom.

78. Plaintiff taught them that they had a right to do this to better the community and have no such worries. After being arrested Plaintiff's children are afraid of the police and their actions. Defendant SARGENT LISCANO called to Plaintiffs family, law enforcement agencies in Bellingham Wa. And telling C.P.S. about a sham organization that Plaintiff runs with the intent to have someone take action

79. By doing acts described above caused and/or permitted the Plaintiff defamation, thereby entitling Plaintiff to recover damages.

80.

## CLAIM 7
### Federal & State Constitutional Claims
### VIOLATION OF THE 14TH AMENDMENT DISCRIMINATION

81. Plaintiff Damone Daniel v. Defendants CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

82. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim under 42 U.S.C. 1983 for violation of the following federal constitution or statutory civil right: DISCRIMINATION.

- 13 -
Civil Rights Complaint Pursuant
To 42 U.S.C. 1983

83. The above civil right was violated by all Defendants listed in Parties. Police officers (names unknown acting on behalf of the City of Burbank and the Burbank Police Department) took Plaintiff's children into custody without cause.

84. As a result of the Defendant's violation of the above civil right, Plaintiff was harmed by being taken his children to a dangerous jail and out of comfort of freedom.

85. The violations of plaintiff's constitutional rights under the Fourteenth Amendment to the United States and California Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Burbank, Burbank Police Department the Sargent, and Doe 1-10 which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

86. a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

87. b. The use of proper force by police officers;

88. c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

89. d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological Problems that impaired their ability to function as officers;

90. e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

91. f. Police officers' use of their status as police officers to employ The use of force or to achieve ends not reasonably related to their police duties.

92. g. From holding an unprofessional personal grudge against a person and abuse police authority to harm the innocent and their families without cause.

93. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrest, the use of force, and the institution of criminal charges under such circumstances as presented by this case the failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet

violations of constitutional rights of citizens by other Burbank police officers; and The practice among Burbank police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

94. Plaintiff's theory is that the Sargent's actions was a result of a long held dispute between the Burbank Police Department vs. Plaintiff and his group that caused the police officers to act out of character because of Plaintiffs' association.

95. By doing acts described above caused and/or permitted the violation of Plaintiffs 14th Amendment Discrimination by association, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM 8
## VIOLATION OF CODE OF ETHICS POLICY AND MISSION

96. Plaintiff Damone Daniel vs. CITY OF BURBANK, BURBANK POLICE DEPARTMENT, SARGENT LISCANO, AND DOE INDIVIDUALS 1-10.

97. The actions of defendant's CITY OF BURBANK, BURBANK POLICE DEPARTMENT, AND DOE INDIVIDUALS 1-10 constituted a violation of Burbank Police Department's Code of Ethics and Core Values.

98. Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim for violation of Burbank Police Department's Code of Ethics and Core Values that are stated as follows:

99. Respect ; Protect the rights and dignity of all people as determined by the United States Constitution and the laws of the State of California.

100. Integrity; Commitment to ethical behavior and acceptance of individual responsibility and accountability for all of our actions and decisions.

101. Plaintiff and his children do not believe that Defendants acted accordingly, due to the actions or negligent of all Defendants was Plaintiff and his children were injured by all Defendants listed in Parties.

102. Police officers (names unknown) took Plaintiff's children into custody without cause. Damone Daniel's children have never been taken to a jail before or suffered the treatment that they suffered from the Burbank Police Department.

103. As a result of the Defendant's violations, Plaintiff was harmed by having his children taken to a dangerous jail and out of his comfort of freedom.

104. Plaintiff taught them that they had a right to do this to better the community and have no such worries. After being arrested Plaintiff's children are afraid of the police and their actions.

105. By doing acts described above caused and/or permitted the Plaintiff defamation, thereby entitling Plaintiff to recover damages.

## REQUEST FOR RELIEF

106. Wherefore, plaintiff respectfully request:

107. a. compensatory damages as to all defendants.

108. b. punitive damages as to all defendants

109. c. reasonable attorneys' fees and costs as to all defendants;

110. d. such other and further relief as may appear just and appropriate.

111. As for the foregoing the Plaintiff request the following:

112. CLAIM #1 VIOLATON OF FREE SPEECH and Freedom of association $100,000 to Plaintiff and each child.

113. CLAIM #2 VIOLATION OF UNLAWFUL ARREST, SEARCHES AND CONFINEMENT $100,000 to Plaintiff and to each child for collage only.

114. CLAIM #3 VIOLATON OF DUE PROCESS $70,000 for Plaintiff and each child.

115. CLAIM #4 FALSE IMPRISONMENT $70,000 for Plaintiff and each child

116. CLAIM #5 PAIN AND SUFFERING; $20,000 Visa. As requested by the children, a four day stay at Walt Disney World for the whole family fully paid with round trip tickets. "Since we had to experience the worst place on earth for nothing, we should be able to visit the greatest place on earth at their expense" (Perris Anderson)

117. CLAIM #6 DEFAMATION $70,000 for Plaintiff and each child.

Civil Rights Complaint Pursuant
To 42 U.S.C. 1983

118. CLAIM #7 DISCRIMINATION $100,000 for Plaintiff and each child

119. CLAIM 8 VIOLATION OF CODE OF ETHICS POLICY AND MISSION $70,000 for Plaintiff and each child.

120. Total Dollar amount requested is $1,460,000.

121. Plaintiff hereby demands a jury trial.

## DECLARATION UNDER PENALTY OF PERJURY

122. The undersigned declares under penalty of perjury that he is the Plaintiff in the above action that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. 1746; 18 U.S.C 1621.

123. Executed at Los Angeles Ca. on 5/14/14.

Date  8/6/14

Sign _____

Damone Daniel

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: 8/6/14

_____

Damone Daniel

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

Damone Daniel

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Damone Daniel
1954 E. 113th St
Los Angeles Ca 90051

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [ ] **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of 1st, 4th, and 14th Amendment

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 340 Marine | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 195 Contract Product Liability | [ ] 362 Personal Injury-Med Malpratice | [ ] 441 Voting | **LABOR** | |
| [ ] 896 Arbitration | [ ] 196 Franchise | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 210 Land Condemnation | | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| | [ ] 220 Foreclosure | | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| [X] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

CV14-06219

**FOR OFFICE USE ONLY:**    Case Number: _____

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? ☐ Yes ☒ No | D.2. Is there at least one answer in Column B? ☐ Yes ☒ No |
|---|---|
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western Division |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?   ☐ NO   ☒ YES

If yes, list case number(s):   CV 14-3864 VAP AJW

Civil cases are related when they:

☒ A. Arise from the same or closely related transactions, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_     DATE: 8/6/14

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |